UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

**UNITED STATES OF AMERICA**
    Plaintiff

vs.                                                                 CASE NO:   4:24-CR-004-TWP-VTW

**BRYAN LEE FISH**
    Defendant

## BRYAN FISH'S SENTENCING MEMORANDUM

Comes defendant Bryan Fish, by and through his CJA counsel, Jennifer Culotta, and files this sentencing memorandum.

On October 2, 2023, Bryan Lee Fish was arrested in Lawrence County, Indiana, for conduct related to the instant offense. While incarcerated, Bryan was served with a second warrant also related to the instant offense.

On February 7, 2024, a seven-count Indictment was filed charging Mr. Fish with sexual exploitation and attempted sexual exploitation of Minor Victims 1 through 3, in violation of 18 U.S.C. § 2251(a) and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

Mr. Fish has remained in custody since October 2, 2023, on the related conduct originally charged in State court and was transferred into federal custody On February 15, 2025. The State charges were dismissed on March 5, 2024.

Since the inception of this investigation, Mr. Fish has accepted responsibility for his actions. When law enforcement officers arrived at his home to serve a search warrant, Mr. Fish agreed to speak with the officers. At that time, he confirmed that every piece of information in

the flagged cyber tips and flagged accounts belonged to him. Further, he admitted to the allegations and has maintained to his counsel his desire to resolve this matter as expeditiously as possible.

Counsel met with the Assistant United States Attorney on several occasions to discuss terms of a plea agreement. Based on the evidence and Mr. Fish's willingness to admit to his actions, the parties have filed a Plea Agreement outlining a just sentencing range for this case. While the parties have not agreed upon a specific sentence; the government has agreed to recommend a sentence no greater than 50 years of imprisonment. Mr. Fish is free to request any sentence that the law allows. He completely understands that he cannot be sentenced to a term of imprisonment less than 15 years.

## APPROPRIATE SENTENCE

As this Court is well aware, the Sentencing Guidelines are only one of the 18 U.S.C. §3553(a) factors to be considered and a court cannot simply defer to the policy decisions of the United States Sentencing Commission. *United States v. Booker*, 543 U.S. 220 (2005); *Rita v United States*, 551 U.S. 338 (2007); *Gall v. United States*, 552 U.S. 38 (2007). Trial courts are given wide latitude in making individualized sentencing decisions. *Gall*, 128 S.Ct. at 594-598, see, also, *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). There is no presumption or assumption that a sentence which varies from the guideline range is reasonable or unreasonable and this Court is free to disagree with the advisory guideline range on general policy grounds, individualized fact grounds, or because this Court concludes a different sentence is appropriate "regardless" of the guideline range. *Rita*, 127 S.Ct. at 2463, 2465, 2468.

18 U.S.C. §3553(a) is more than a mere laundry list of considerations to be marked off

individually; it is rather, a tapestry of factors, through which runs the thread of an overarching principle. *Kimbrough*, 128 S.Ct. at 570. That tenet instructs a sentencing court to consider all relevant aspects of the person standing before it and strive to construct a sentence that is minimally sufficient to achieve the broad "goals of sentencing" spelled out in the statute. *Kimbrough*, 128 S.Ct. at 570 (quoting 18 U.S.C. §3553(a)).

From the inception of this matter, Mr. Fish has expressed to his counsel his desire to plead guilty.

As noted in his Presentence Investigation Report, Mr. Fish has suffered from a variety of mental health issues over the years: ADHD, OCD, Tourette's Syndrome, depression, anxiety. While incarcerated, his mother noted that she has observed that depression "creeps" up Mr. Fish. She believes that he would benefit from mental health treatment and therapy.

By accepting responsibility for his actions, avoiding a jury trial and testimony, Mr. Fish is trying to right his wrongs. He hopes this Honorable Court will accept the plea agreement and its terms. He requests a sentence between 15 and 30 years as a term that is minimally sufficient to meet the goals of sentencing. He further requests that this Honorable Court recommend mental health treatment while incarcerated.

Respectfully submitted,

__/s/ Jennifer H. Culotta_____
Jennifer Hinkebein Culotta, #26741-11
Culotta & Culotta LLP
The Hess House
815 E. Market Street
New Albany, IN 47150
Telephone: (812) 913-6989
jennifer@culottalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification to all parties of record.

_____/s/ Jennifer H. Culotta_____
Jennifer Hinkebein Culotta