UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CAUSE NO. 4:24-cr-00004-TWP-VTW |
| BRYAN LEE FISH, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States, by and through Thomas E. Wheeler II, United States Attorney for the Southern District of Indiana, and MaryAnn T. Mindrum and Carolyn A. Haney, Assistant United States Attorneys, hereby submits this Sentencing Memorandum in support of a sentence for the Defendant Bryan Lee Fish of **50 years of imprisonment** to be followed by **a lifetime of supervised release**.

### I. Introduction

The most vulnerable of the vulnerable – infants and young children. That is exactly who the Defendant sexually exploited. From at least June 2022 through September 2023, the Defendant took sexually explicit photographs of three minor children, molested them, and distributed their files. Not only were all three of these children relatives of the Defendant, but he took advantage of them while they were at the Defendant's mother's house and grandmother's house. The Defendant kept their images in folders on his phone containing the names of all three identified child victims. In addition to the images the Defendant produced, he amassed a large collection of child pornography of other children, including that of infants and toddlers, as well as CGI and Anime child pornography.

Additionally, as result of the Defendant's arrest, another young relative of the Defendant ("Individual 1," who is now an adult) came forth and disclosed sexual abuse by the Defendant when she was a minor child. Individual 1 advised law enforcement that, starting when she was 5 years old (and the Defendant was 18) and continuing until she was at least 6 or 7 years old, the Defendant found ways to touch her crotch. For instance, she recalls being 5 years old when the Defendant placed her on the top bunk of a bunk bed and remembers his hands going to her "crotch" with "excessive touching." She advised she told her parents, who confronted the Defendant and his family. She also recalls an incident when she was 6 or 7 years old. She alleged the Defendant tossing a ball in between her legs, and when he reached for the ball, he started to move his fingers around her "crotch" area again. The Defendant also told Individual 1 that it was okay for her to get naked around him if she wanted, and asked if she wanted him to show her how to masturbate. The Defendant advised her not to tell anyone that these incidents happened, and that she would get in trouble if she did.

The Defendant is a dangerous individual. The combined actions of the Defendant support a **50-year sentence**, a long sentence that reflects the horrific nature of the Defendant's exploitation of three very young minor children and his collection of child sex abuse material to fuel his sexual fantasies. Such a sentence also serves to protect the public from an individual who clearly has a sexual interest in children and has acted upon these urges.

## II.    Background

### A. Corrections to the PSR

This case was adopted from Lawrence County. The PSR contains information from both the state case and the instant federal case pertaining to the offense conduct. While the Lawrence County probable cause affidavit and the federal Indictment both refer to Minor Victims 1

through 3, Minor Victims 2 and 3 are reversed in the respective cases. Minor Victim 1 is the same in both cases. Accordingly, Minor Victim 2 in the state probable cause affidavit and Minor Victim 3 in the Indictment are the same person, and Minor Victim 3 in the state probable cause affidavit and Minor Victim 2 in the Indictment are the same person. While the facts contained in the PSR are accurate, certain paragraphs require corrections as follows:

First, the "Offense Conduct" section should be modified as follows, with the bold/underlined portions reflecting the appropriate modifications:

> 9. Officers then confronted Mr. Fish about a picture he sent of what appeared to be an adult hand pulling a diaper down of an infant male child (born in **2018**), later identified as **Minor Victim 3**. **On September 29, 2023, the defendant used Minor Victim 3 by placing his penis in the mouth of Minor Victim 3 and photographing it with his cell phone: file ending in 7bd6.0 [Count 6].** The image depicted sexually explicit conduct of a minor and constituted child pornography. Mr. Fish confirmed the adult hand in the picture was his hand. Mr. Fish then admitted he had a couple of images of Minor Victim **3's** genital area, and that he sent the images to "show it off." While Mr. Fish denied that he would ever "do anything to them," officers showed him messages where he admitted that **Minor Victim 3** touched his penis. Mr. Fish confirmed the events, adding that it happened twice, and he touched **Minor Victim 3's** penis during the interaction, and that it aroused him. Mr. Fish also admitted showing **Minor Victim 3** images of adult pornography, specifically of an adult female. The defendant admitted to storing the image in a folder on his phone that he entitled **"[Minor Victim 3]"** (including the minor victim's actual first name). The defendant created and produced the following image of child pornography, which was later distributed using direct messenger on X (formerly known as Twitter):
> - 1656414424981225476-F7-thc19.jpg: Image file depicts **Minor Victim 3** with his penis exposed to the camera. There is an adult male hand (the defendant) holding his diaper open.
>
> 10. Officers then confronted Mr. Fish about **Minor Victim 2** (born in **2020**). After initially denying that he had pictures of her naked, he confirmed that he possessed pictures of her genitals exposed. Mr. Fish also stated that officers would locate additional images with

> **Minor Victim 2's** vaginal area exposed on his cell phone. Mr. Fish further stated that he shared the self-produced child pornographic images with one individual. Mr. Fish was shown messages where he explained that he had "alone time" with **Minor Victim 2**, which he confirmed, and stated that they were alone at his grandmother's home. **On June 5, 2022, the defendant used Minor Victim 2 by spreading open the genital/pubic area of Minor Victim 2 and photographing it with his cell phone: 20220618_165757.jpg [Count 4].** The image depicted sexually explicit conduct of a minor and constituted child pornography. The defendant created and produced the following image of child pornography, which was later distributed using direct messenger on X (formerly known as Twitter):
> - **1696218315591434666-JAP827ch.jpg:** Image file depicts **Minor Victim 2** with her vaginal area exposed for the camera. There is an adult male hand (the defendant) holding her underwear to the side.

Additionally, modifications should occur to the Guideline calculations as follows:

**Paragraph 5 of the PSR** states that

> There are certain sentencing guideline calculations contained in the Plea Agreement, which are inconsistent with those prepared by the probation officer in this report. Specifically, this officer found that the offense involved material that portrays an infant or toddler as it relates to Count 4 (not Count 6); thus, pursuant to §2G2.1(b)(4)(B), four levels were added to Count 4. This does not impact the total offense level of 43.

However, based on the above mix up between Minor Victim 2 and Minor Victim 3 in the offense conduct, the sentencing guideline calculations contained the Plea Agreement are the correct calculations and **Paragraph 5 of the PSR** should be modified accordingly. For instance, the 4-level enhancement for the offense involving material that portrays an infant or toddler relates to Count 6 [Minor Victim 3], not Count 4 [Minor Victim 2].

For the same reasons, the 4-level enhancement described in **Paragraph 33 of the PSR** does not apply to Count 4, and Count 4 should therefore be an Adjusted Offense Level of 42 (not

4

46) **[Paragraph 38]**.  Similarly, that 4-level enhancement should instead be applied to Count 6, making Count 6 an Adjusted Offense Level of 46 (not 42) **[Paragraph 47]**.

Regardless, these corrections do not impact the ultimate total offense level of 43.

**B. Defendant's Exploitation of Three Minor Children**[1]

On September 29, 2023, the Indiana State Police Internet Crimes Against Children Task Force received two National Center for Missing and Exploited Children (NCMEC) CyberTips from the social media application X (formerly known as Twitter). The CyberTips advised that a suspect was distributing what appeared to be newly produced/homemade child pornography. Based on further investigation by the Indiana State Police, Bryan Lee Fish of Mitchell, Indiana, (the Defendant) was believed to be the suspect behind the flagged X accounts.

That same day, law enforcement officers executed a residential search warrant at the Defendant's residence.  The Defendant was located on the front porch and agreed to speak with officers in a patrol vehicle. The Defendant was read his rights pursuant to *Miranda v. Arizona* and agreed to speak with officers. He confirmed that every piece of information in the flagged CyberTips and flagged accounts belonged to him.

Law enforcement discussed with him Minor Victims 1 through 3, a summary of which is as follows:

- Minor Victim 1: Law enforcement showed the Defendant an image of a female child that the Defendant sent to a user on X, and he identified the child as Minor Victim 1.  In another sexually explicit image of Minor Victim 1, the Defendant admitted that his hand was in the photo.  The Defendant admitted that he had shown Minor Victim 1 an image

---

[1] The facts pertaining to this matter are described in detail in the factual basis within the Plea Agreement (Dkt. #32, ¶ 22) and the final revised PSR (Dkt. #37, ¶¶ 6-12), all of which are incorporated by reference in this sentencing memorandum.  To the extent there are facts discussed herein that are not present in either the Plea Agreement or PSR, Task Force Officer Robert Whyte, U.S.S.S., will be available at the sentencing hearing for testimony to support these facts and/or for cross examination.

of an adult male penis. The Defendant also admitted to touching Minor Victim 1's vaginal area.

- Minor Victim 2: The Defendant admitted that he had pictures of the genitals of Minor Victim 2. He stated that he shared these produced child pornographic images with one person. I then asked him if we would find any images of Minor Victim 2's vaginal area on his phone. He replied yes. The Defendant admitted to taking photographs of Minor Victim 2's exposed vaginal area. He admitted to spreading her vaginal area open with his fingers to "see her clit." He then changed his statement, saying he did not take a picture. In response to questioning, the Defendant acknowledged that he opened Minor Victim 2's vagina to see inside of her while he was at his grandmother's house. He asked her if he could see her vagina, and she leaned back and removed her underwear. He then used his thumb and index finger to spread her vaginal area open. He took a picture of this incident, which he believed occurred in July 2023.

- Minor Victim 3: Law enforcement showed him a picture of what appeared to be an adult hand pulling a diaper down of a male infant/toddler that he sent to a user on X, and he identified the child as a family member by the name of Minor Victim 3. The Defendant acknowledged that was his hand. He advised he has a couple images of Minor Victim 3's private parts. He admitted that Minor Victim 3 touched the Defendant's penis and that he rubbed Minor Victim 3's penis. He admitted showing Minor Victim 3 pornography of a female.

- During the course of the interview, the Defendant stated that he liked children. He stated he knew what he was doing was wrong. He advised he would make sure he was in a separate room from his parents before he would touch the children's sexual organs. He continued because the children did not tell on him after the first time.

Sgt. Patrick Deckard, ISP, conducted onsite forensics on the Defendant's cell phone that was seized from the Defendant's pants pocket. He located 3 folders with the names of all three identified child victims (Minor Victims 1-3). Each folder contained multiple self-produced images depicting the genital and/or anal area of the children. Sgt. Deckard also located hundreds of Computer Generated Information (CGI) and anime child pornography, along with some real child pornography.

A sample of some of the images located on the phone are described as follows:

- **[COUNT 1] 20230703_211605.jpg:** Image depicts a pre-pubescent vagina being spread open by adult fingers. Image was located in the "Minor Victim 1" folder along with other child pornographic files of Minor Victim 1.

- **20230826_172917.jpg:** Image depicts a pre-pubescent vagina. Image depicts adult fingers pulling the diaper open to expose the vagina. Image was located in the "Minor Victim 1" folder.

- **20220605_171234.jpg:** Image depicts a pre-pubescent female. Image depicts an adult male hand pulling her pants and underwear down exposing her vagina. Image was located in a folder titled "Minor Victim 2" along with other pornographic files of Minor Victim 2.

- **[COUNT 4] 20220618_165757.jpg:** Image depicts a pre-pubescent female vagina being spread open by adult fingers. Image was located in the "Minor Victim 2" folder.

- **492.jpg:** Image depicts what appears to be an adult male hand pulling a diaper open exposing an infant penis. This image was located in the "Minor Victim 3" folder.

- **[COUNT 6] c7b82d7dc8d1dcebfd5525525791773f825e5766d1af16672893d0dc3b207bd6.0:** Image file depicts Minor Victim 3's mouth on an adult male penis.

- A sampling of other child pornography files found on his current phone are described as follows **[Count 7]**:

    - **3FA27838-B8B4-4E32-8B02-BBD4F409C8E5.gif:** A video file that depicts a pre-pubescent female completely nude. She is providing oral sex to what appears to be an adult penis.

    - **521.jpg:** An image file of a pre-pubescent female completely nude. She is lying on her back with her arms and legs tied to the bed. Her breasts and vagina are exposed for the camera.

There were other electronics seized during the execution of the search warrant, including an older cell phone of the Defendant's that also contained child pornography **[Count 7]**:

- **8831158507255450209.0:** Image file depicts a pre-pubescent female completely nude. She is lying on her back with her hands tied above her head. A dog is licking the child's vaginal area in the image.

- **9baebaf0-4084-4098-97b6-a944519ba7eb.mp4:** Video file depicts a toddler age female child. Child is lying on her back while an adult male penis is being tapped on her vagina. At times penetration is made into the child's vagina.

### C. Aggravating Relevant Conduct

As result of the Defendant's arrest, a relative of the Defendant ("Individual 1," who is now an adult) came forward and disclosed sexual abuse by the Defendant that occurred when she was a minor child. On October 4, 2023, Individual 1 was forensically interviewed. Individual 1 told the interviewer that when she was 5, she was at the Defendant's grandmother's house. She stated that the Defendant picked her up and placed her onto the top bunk. She advised that she remembers his hands going to her "crotch," with "excessive touching." She advised that she told her mom, and her parents confronted the Defendant and his family.  Individual 1 further recalled an incident that occurred when she was 6 or 7 in the laundry room of the Defendant's grandmother's house.  She stated that she and the Defendant were sitting on a futon bed tossing a ping pong ball back and forth. She stated that the Defendant purposefully tossed the ball in between her legs. He then reached for the ball and started to move his fingers around on her "crotch" area. She did not disclose this incident because she thought she would get into trouble.

Individual 1 stated that the Defendant would tell her that it was okay for her to get naked around him if she wanted. She also recalled an incident in the Defendant's grandmother's living room, when the Defendant went to the bathroom for an extended period of time. She alleged that he came out, sat next to her, and whispered to her that he had just masturbated in the bathroom. He then asked her if she wanted him to show her how to masturbate. She told him no.

Individual 1 stated that the Defendant told her not to tell anyone that these incidents that occurred.  The Defendant further told her that this was a secret, and that if she told anyone she would get into trouble. She also advised that he told her nobody would believe her if she told. She advised that all of the touching on her vaginal area was outside of the clothes. She stated that she was 5 years old at the time of the first incident and the Defendant was 18.

8

### III.   Argument

A. **A Sentence of 50 Years of Imprisonment is Sufficient But Not Greater Than Necessary.**

A sentence of **50 years of imprisonment with a lifetime of supervised release to follow** is an appropriate sentence in this matter. Here, the advisory sentencing guidelines appropriately capture the horrific nature and circumstances of the offenses, the Defendant's role in exploiting three very young children (including an infant) in his care, custody and control, and his collection and of commercial child pornography.

A sentence of **50 years'** imprisonment reflects the seriousness of the defendant's conduct, promotes respect for the law, affords adequate deterrence, provides just punishment, and protects the public from further harm from the Defendant.

**(1) Nature and Circumstances of the Offense**

The Defendant sexually exploited three very young children, one of whom was an infant. This exploitation included not only taking photographs of these children but molesting them and distributing their images over social media. He did this because he is sexually attracted to children. He did this because no one told on him. He did this while amassing a collection of child sex abuse material.

Additionally, a fourth victim came forward after learning of the Defendant's arrest and disclosed sexual abuse by the Defendant when he was between 18 and 20 years old and she was between the ages of 5 and 7. Although the uncharged behavior took place a long time ago and is solely based on her disclosures, it is consistent with this Defendant's actions in the instant case.

The nature and circumstances of this offense justify the **50-year** sentence.

9

### (2) History and Characteristics of the Defendant

The government's recommendation is already a downward variance. The Defendant's history and characteristics do not warrant any further downward variance from the Guidelines. In fact, they justify exactly why **50 years** is appropriate here.

In the PSR, the Defendant states that "his mother provided him with a stable home life, raised him right, and exercised patience due to his many mental health diagnoses." PSR ¶ 77. Despite this, the Defendant made the choice to commit these heinous offenses against the most vulnerable members of our society.

The government recognizes and agrees with defense counsel that the Defendant needs mental health treatment to address the various conditions and issues discussed in the PSR. However, there is no history that outweighs the nature and circumstances of these offenses, or the impact this Defendant's behavior has had on these children or the danger he poses to society.

### (3) Seriousness of the Offense, Promotion of Respect for the Law, and Providing Just Punishment

The sentence ultimately imposed on the Defendant must also reflect the seriousness of Defendant's offenses, promote respect for the law, and provide a just punishment for the offense.

Sexual exploitation is an enormously serious offense, and the young victims need and deserve protection just as much as any other vulnerable members of society. A high sentence reflects the seriousness of this crime, and provides just punishment, particularly in light of Defendant's physical and sexual exploitation of Minor Victims 1 through 3.

Here, the Defendant's conduct extends far beyond his sexual exploitation of the victims. Not only did he sexually exploit children three very young children in his care, but he maintained copies of that exploitation and distributed it. Child pornography is a particularly insidious crime because it memorializes sexual abuse. It is used for the personal sexual gratification of sexual

predators like the Defendant.  It is used to entice and coerce other children into acts of sexual abuse.  It is used as an item of barter between likeminded child sex offenders.  It is used to encourage other child sex offenders to physically abuse children for the purpose of producing more child pornography.

And, importantly, once released onto the internet, the files depicting victims' sexual abuse live on forever.  It haunts the children depicted in it, who live daily with the knowledge that countless sexual predators like the Defendant use videos and images of their worst experiences in life for sexual gratification.  Indeed, the U.S. Supreme Court has recognized the unique and enduring perniciousness of producing child pornography.  *See, e.g.*, *New York v. Ferber*, 458 U.S. 747, 759 n.10 (1982) ("pornography poses an even greater threat to the child victim than does sexual abuse or prostitution" (internal quotations omitted)).

For these reasons, Congress has recognized that child pornography "is a form of sexual abuse which can result in physical or psychological harm, or both, to the children involved," because it creates a permanent record of the child's abuse and allows for the continued victimization of that child.  Child Pornography Prevention Act of 1996, Pub. L. No. 104-208, Div. A, Title I, §§ 121(1) & (2), 110 Stat. 3009-26 (1996) (codified at 18 U.S.C. § 2251 Congressional Findings).

Congress has also recognized that the mere existence of these types of depictions of children, as well as their production and distribution, "creates the potential for many types of harm in the community and presents a clear and present danger to all children; and it inflames the desires of child molesters, pedophiles, and child pornographers who prey on children." *Id*. § 121(10)(A) & (B); *United States v. MacEwan*, 445 F.3d 237, 249-50 (3d Cir. 2006) ("Congress found little distinction between the harm caused by a pedophile, be he a distributor or mere

consumer of child pornography"). Accordingly, these factors support a sentence of **50 years**.

### (4) Afford Adequate Deterrence and Protect the Public

The sentence imposed on a defendant must also afford adequate deterrence to criminal conduct of this nature and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(B) and (C). As evidenced by the Defendant's multiple victims, including a victim from years ago that only recently came forward, the Defendant's sexual interest in and predation of children is long-standing and pervasive. A sentence of **50 years** for the defendant's conduct is a significant sentence and necessary to ensure that the defendant is no longer a danger to children and families in the community and to deter him from engaging in similar criminal conduct in the future.

### (5) Avoid Unwarranted Sentencing Disparities

In fashioning a sentence, the Court is obligated to consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). A sentence of **50 years** would avoid any unwarranted sentencing disparities among similar defendants for similar offenses. This sentence would be below the guidelines of life, as calculated by the Court, and thus is presumptively reasonable. *See, e.g. United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005); *U.S. v. Metzger*, Case No. 1:09-cr-188-LJM-KPF, *aff'd*, WL 4628115, 411 Fed.Appx. 1 (7th Cir. 2010).

As detailed below, numerous similarly situated defendants have received significant sentences in the Southern District of Indiana. The Court should therefore impose a sentence that aligns with the following:

- **Tristan Mullins (27 y/o) and Desley McLemore (27 y/o):** Judge Magnus-Stinson sentenced Mullins to 60 years and McLemore to 30 years for recording sexual acts with their 18-month-old child.

- **Dustin Rose (33/y/o)**: Judge Hanlon sentenced Rose to 35 years for engaging in sexually explicit conduct with three minors and taking photographs of the conduct.

- **Michael Ingram (43 y/o)**: Judge Barker sentenced Ingram to 40 years. The primary victim was an 8-year-old relative of Ingram, of whom he took sexually explicit photos of while she was asleep or otherwise unaware he was doing so. Ingram also conspired with another individual to produce sexually explicit images and videos of the victim and molest her.

- **Christopher Abraham (38 y/o):** Judge Pratt sentenced Abraham to 60 years for molesting and exploiting 4 children for 1 to 2 years. The youngest victim was 6 years old. He did not share the images, but he did have other files of child pornography.

- **Donald Richards (32 y/o):** Judge Hanlon sentenced Richards to 60 years. Richards sexually exploited his daughters, ages 3 and 5, over a period of months. He also shared these images online.

Here, the victims were often much younger than victims in prior cases, the images the Defendant produced were distributed, and there were disclosures by a now-adult victim about sexual contact with the Defendant when she was a minor and he was an adult.

It is clear that this type of conduct results in significant sentences in this District. There is no reason this case should be any different. A sentence of **50 years** is fair and just when comparing the Defendant's conduct to other defendants who have been sentenced in this District.

When evaluating all of the Defendant's conduct, a sentence of **50 years' imprisonment** is appropriate given the multiple victims, the age of the victims, and the nature of the conduct, which include the molesting, photographing, and distribution, the deception to the minor victims, and the collecting of child sex abuse material.

### B. Restitution

As per the Plea Agreement, the Defendant has agreed to pay restitution to Minor Victims 1 through 3 in an amount of **$10,000** each. Additionally, at this time, the government has identified **3 victims** of the sexually explicit visual depictions that were possessed, distributed,

received, or transported by the Defendant who are seeking restitution in this matter. The Defendant agreed in his plea agreement to pay those victims no less than **$3,000** per victim. The government is still in the process of engaging with those victims. The government will provide the Defendant with an updated restitution amount prior to sentencing.

### IV.     Conclusion

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the Court sentence the Defendant Bryan Lee Fish to **50 years of imprisonment with a lifetime of supervised release to follow**, and for all other just and proper relief.

                                              Respectfully submitted,

                                              THOMAS E. WHEELER II
                                              United States Attorney

Date: 11/7/2025                    By:   /s MaryAnn T. Mindrum
                                              MaryAnn T. Mindrum
                                              Carolyn A. Haney
                                              Assistant United States Attorneys
                                              Office of the United States Attorney
                                              10 West Market Street, Suite 2100
                                              Indianapolis, IN 46204
                                              Tel: (317) 226-6333
                                              E-mail: MaryAnn.Mindrum@usdoj.gov
                                                          Carolyn.Haney@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2025, a copy of the foregoing GOVERNMENT'S SENTENCING MEMORANDUM was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:   /s MaryAnn T. Mindrum
MaryAnn T. Mindrum
Assistant United States Attorney
Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204
Tel: (317) 226-6333
E-mail: MaryAnn.Mindrum@usdoj.gov